**GOODYEAR TIRE & RUBBER CO., Inc., v. MURRAY.**

**No. 1574.**

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

Reid & Reid, of Hammond, for appellant.

M. C. Rownd, of Springfield, for appellee.

OTT, Judge.

The suit is on open account for $191.25 covering two invoices of automobile tires and accessories dated March 28 and April 20, 1932. Defendant denies that he purchased the articles for which suit is brought. There was judgment in the court below rejecting the demands of plaintiff, and plaintiff appeals.

The defendant leased a filling station from Mr. Felix Ard at Albany, in Livingston parish, and, at the time these two invoices were sold and delivered to this filling station, it was being operated by the son of defendant. The first invoice was sold to the son of defendant by a salesman for the plaintiff company who testifies that the order was placed for the account of C. C. Murray by his son. This order was sent in by the salesman in the name of C. C. Murray, and, after investigating the credit standing of defendant, the goods were shipped in the name of defendant and charged to his account.

The plaintiff received a written order for the second invoice dated at Albany, La., April 18, 1932, and signed "C. C. Murray." Defendant denies writing this letter. The letter is written in longhand, and a specimen of the handwriting of defendant is in the record. While we are not able to determine with certainty whether or not defendant wrote the letter, yet we have reached the conclusion that he has held himself out to plaintiff in such a way as to be liable for the goods shipped in his name to this filling station.

Defendant was paying rent on the filling station operated by his son. His son advised plaintiff's salesman that he was operating the place for his father, and had the goods shipped in his father's name. The salesman testifies that he saw defendant at the station after the orders were sold, and defendant had one of the tires on his car at which time the salesman told defendant that he hoped defendant would get good service out of the tires and that they would sell well.

The office manager for plaintiff testifies that the account was charged to C. C. Murray, and that at least two statements were

mailed him after the account matured without any protest from defendant that the account was not due by him. The son did not testify, and we are therefore without the benefit of his testimony. There is no doubt but that these articles were received by this filling station on which defendant was paying rent and which was operated under the name of the Murray Service Station.

We cannot escape the conclusion that defendant must have known that his son was operating this station in his name, and that he assented thereto. He therefore held himself out as owner, and is liable for the account sued on.

The amount of the invoices is $177.91. The amount was due May 10, 1932, and legal interest is due thereon from that date.

For the reasons assigned, the judgment of the district court is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against defendant in the sum of $177.91, with legal interest thereon from May 10, 1932, until paid, and for costs in both courts.